IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL LONG, | * |
| and | * |
| ALISON LONG, | * |
| Plaintiffs, | * |
| v. | Civil Action No. RDB 05-2826 |
| | * |
| KEMPER INSURANCE CO. | * |
| a/k/a AMERICAN MOTORISTS INSURANCE COMPANY, | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

This diversity action arises out of a four-count complaint that Plaintiffs Paul and Alison Long ("the Longs" or "Plaintiffs") filed against Defendant Kemper Insurance Co., a/k/a American Motorists Insurance Company ("American Motorists" or "Defendant"). The Complaint alleges one contract claim (Count II) and three tort claims: Count I (negligence), Count III (breach of contract of implied covenant of good faith and fair dealing) and Count IV (breach of fiduciary duty). Plaintiffs seek $2.25 million in damages, along with interest and costs.

Pending before this Court is Defendant's Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment pursuant to Rule 56. Defendant's Motion contends that Plaintiffs' Complaint fails to state a claim for which relief

1

may be granted because (1) American Motorists did not contract with the contractor, who is alleged to have performed defective services and is, therefore, not liable for any such acts, (2) Maryland law does not recognize torts arising from breaches of first party insurance contracts, and (3) Plaintiffs fail to establish an independent, extra-contractual basis for their tort claims. The parties' submissions have been carefully reviewed.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, Defendant's Motion to Dismiss will be GRANTED.

## BACKGROUND

For purposes of the pending Motion, the facts are viewed in the light most favorable to Plaintiffs and assumed to be true.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  The Longs purchased a combination homeowners and auto insurance policy from American Motorists, with coverage beginning on August 10, 1998.  (*See* Compl. Ex. 1 "Declarations".)  The policy insured the Longs against property damage suffered as a result of, among other things, "[a]ccidental discharge or overflow of water or steam."  (*See id.* at p. 7-9.)

On September 9, 2002, the Longs suffered structural damage to their property, including mold accumulations throughout the house, due to a water heater leak.  (Compl. ¶¶ 1-2.)  The Longs contacted American Motorists and reported the structural damage.  (*Id.* at ¶ 3.)  Defendant then arranged for Servpro to repair the damage to Plaintiffs' home.  (*Id.* at. ¶ 4.)  While Plaintiffs allege that Defendant hired Servpro there are no facts to support that contention.[1]  In the course

---

[1] Plaintiffs allege that Defendant hired Servpro.  (Compl. ¶ 5.)  In Servpro's "Authorization to Perform Services and Direction of Payment" that Plaintiffs signed, Plaintiffs authorized Defendant to "pay SERVPRO solely and directly."  (Def. Mot. to Dismiss Ex. 1.)  The authorization nevertheless identifies Paul Long as the "Customer" and states that "Customer agrees that SERVPRO is working for the Customer and not the Insurance Company or

of its repair work, Servpro "tore asbestos insulation covering several heating ducts and tried to repair the damage by covering the insulation with electrical tape." (*Id.* at ¶ 5.) As a result, asbestos fibers became airborne into other areas of the Longs' house and they were unable to reside in the property. (*Id.* at ¶¶ 6-7). Plaintiffs were forced to retain "professional contractors to diagnose and repair the defective conditions at great cost to themselves, and have otherwise been damaged." (Compl. ¶ 13.)

On September 2, 2005, Plaintiffs filed a Complaint with the Circuit Court of Baltimore City, which was removed to this court on October 14, 2005.[2] In their Complaint, Plaintiffs alleged that although Servpro directly caused the asbestos to become airborne in their house, American Motorists breached its contract with the Longs by "hiring a contractor that failed to perform in a good workmanlike manner." (*Id.* at ¶ 16.) The remaining counts alleged tort violations, based on an agency relationship between Servpro and American Motorists. (*See id.* at ¶ 9.)[3] On October 19, 2005, Defendant filed its Motion to Dismiss.

---

agent/adjuster." (*Id.*) Plaintiffs' theory of the case, as alleged in their Complaint, relies upon Servpro's relationship to Defendant. The authorization, attached to Defendant's Motion, directly pertains to this relationship, which serves as the basis of Plaintiffs' claims. Therefore, in addition to the Complaint and its exhibit - the Longs' policy with American Motorists - the authorization is a document "upon which Plaintiff relies in bringing the action" and it may be considered by this Court in deciding Defendant's Motion to Dismiss. *Biospherics v. Forbes*, 989, F. Supp. 748, 749 (D. Md. 1997) (considering as part of the defendant's motion to dismiss an article attached to the defendant's motion that was the subject of a suit) (citing *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 46-48 (2d Cir. 1991)). No other documents outside the pleadings were considered in this Court's decision on Defendant's motion. As a result, Defendant's Motion to Dismiss will not be converted to one for summary judgment. *See id.* at 750.

[2] Plaintiffs' first Complaint was dismissed for lack of process. The Complaint in this action is an Amended Complaint.

[3] Count I (negligence) alleged that Defendant, in part through Servpro's actions, violated its duties to "ensure that the Property was free from any latent defects which posed clear dangers

STANDARD OF REVIEW

Defendant seeks to dismiss Plaintiffs' action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon,* 467 U.S. at 73).  A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).  Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  However, while "notice pleading requires generosity in interpreting a plaintiff's complaint

---

of serious injuries or illness, [] to ensure that no further damage was done to the Property," and "to report the discovery of asbestos immediately to federal and state authorities governing asbestos." (Compl. ¶¶ 9-12.)  Count III (breach of contract of good faith and fair dealing) alleged that American Motorists failed to perform its contract with Plaintiffs in good faith, by hiring Servpro. (*Id*. at ¶ 23-24.)  Count IV (breach of fiduciary duty) alleged that American Motorists had a fiduciary duty to the Longs as an insurer of residential property, which it breached "intentionally, with malice and/or with reckless disregard for the Longs' rights" by hiring Servpro. (*Id*. at ¶26-27.)

. . . generosity is not fantasy." *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman*, 417 F.3d at 420*; Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). However, in considering a motion to dismiss, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts." *Eastern Shore Mkts., Inc.,* 213 F.3d at 180; *see also Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).

DISCUSSION

**A.     Count II: Breach of Contract**

Plaintiffs assert in Count II of their Complaint that American Motorists breached its contract with the Longs by hiring a contractor, Servpro, that failed to complete its repair work on the Longs' home in a good workmanlike manner. (*See* Compl. ¶ 16.) Plaintiffs allege no other facts in support of their breach of contract claim and identify no provision of their insurance contract that has been breached. Despite Plaintiffs' assertion that Defendant hired Servpro, Servpro's one-page "Authorization to Perform Services and Direction of Payment," signed by Paul Long as the "Customer," clearly states that "Customer agrees that SERVPRO is working for the Customer and not the Insurance Company or agent/adjuster." (Def. Mot. to Dismiss Ex. 1.) Given the express language of the authorization, the Longs cannot claim that American

5

Motorists hired Servpro simply by "incanting" that language. *See Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998) (finding that the plaintiff in a Title VII claim had failed to establish an employer/employee relationship in her complaint).

Plaintiffs' insistence that American Motorist contracted with Servpro is made without any factual basis. Essentially, the Longs seek to assert such a contractual relationship as a legal conclusion. In *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186 (4th Cir. 1998), the Fourth Circuit addressed the plaintiff's description of her relationship as one of employment to the defendant. *See id.* at 192. The Fourth Circuit, quoting the district court's opinion, wrote:

> Although the complaint labels the relationship between Dr. Bender and third parties as "employment relationships," the factual allegations make it obvious that when Dr. Bender uses this term she states a legal conclusion that inaccurately characterizes the referenced relationships. The court is not required to accept such a conclusion as true for the purposes of a 12(b)(6) motion.

*Id.* (internal citations omitted). Similarly, in this case, the Longs' assertion that American Motorists hired Servpro is the legal basis for their breach of contract claim, yet this assertion is not supported by facts.

As Plaintiffs have failed to state facts supporting their breach of contract claim, Count II fails to satisfy the requirements of Rule 8(a). Having failed to state a claim upon which relief can be granted, Plaintiffs' breach of contract claim must be dismissed and Defendant's Motion to Dismiss with respect to Count II is GRANTED.

**B.     Counts I, III & IV: Tort Claims for Negligence, Breach of Contract - Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty**

Plaintiffs claim that American Motorists is liable for violating duties outside of its insurance contract with the Longs. Specifically, Plaintiffs allege three tort violations: (1)

6

negligence; (2) breach of contract - implied covenant of good faith and fair dealing; and (3) breach of fiduciary duty.  This effort to impose tort obligations upon the insurance company, with whom there is an  insurance contract, is unsupported by Maryland law.  For the reasons stated below, these claims fail as a matter of law and are DISMISSED.

Plaintiffs' tort claims fail because in Maryland, "the duty which is owed to an insured . . . sounds in contract and not in tort."  *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001) (granting summary judgment on tort claim by insured against insurer under the Maryland rule that "a breach of contract does not typically give rise to an action in tort." *Id*.).  Limiting the type of claims available to an insured serves "to confine actions between an insured and his or her insurer to the realm of contract law, rather than letting such actions expand to tort proportions."  *Yuen v. American Republic Ins. Co.*, 786 F. Supp. 531, 533 (D. Md. 1992).  This Court has previously rejected tort claims alleged by an insured against an insurer, stating that "[i]n the context of a dispute between an insurance carrier and its insured, the relationship between the parties does not warrant the imposition of tort duties."  *Stephens v. Liberty Mut. Fire Ins. Co.*, 821 F. Supp. 1119, 1121 (D. Md. 1993) (finding that breach of the covenant of good faith and fair dealing claim does not exist as an independent claim for breach of insurance contract and granting summary judgment to defendant insurance company).

Plaintiffs' tort claims fail, as the Longs have a binding contract with American Motorists in the form of their insurance policy.  (*See* Compl. Ex. 1.)  American Motorists' duties to the Longs are contained within the policy, and any claims related to Defendant's handling of Plaintiffs' claims of damage from the water heater leak must, therefore, be contractual.  Thus, Defendant's Motion to Dismiss with respect to Counts I, III & IV is GRANTED.

## CONCLUSION

For the reasons state above, Defendant's Motion to Dismiss is GRANTED and Plaintiffs' Complaint shall be Dismissed. A separate Order follows.


Dated: April 21, 2006                                /s/
                                                                              
                                                     Richard D. Bennett
                                                     United States District Judge